IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01702-LTB

MR. THOMAS T. VALDEZ,

      Plaintiff,

v.

MR. HICKENLOOPER, Governor, et al.,

      Defendants.

---

ORDER DENYING MOTION TO RECONSIDER

---

This matter is before the Court on the "Declaration to the Court and Motion for Relief From a Judgment or Order Pursuant to F.R.Civ.P. Rule 60" (ECF No. 7) filed *pro se* by Plaintiff, Thomas T. Valdez, on September 29, 2014.  Mr. Valdez is a prisoner in the custody of the Colorado Department of Corrections.  He asks the Court to reconsider and vacate the Order of Dismissal (ECF No. 5) and the Judgment (ECF No. 6) entered in this action on July 29, 2014.  For the reasons stated below, the motion to reconsider will be denied.

A litigant subject to an adverse judgment who seeks reconsideration by the district court of that adverse judgment may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)."  *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).  A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered.  *See* Fed. R. Civ. P. 59(e).  Because Mr.

Valdez's motion to reconsider was filed more than twenty-eight days after the Judgment

was entered on July 29, 2014, the Court will consider the motion pursuant to Fed. R.

Civ. P. 60(b).  *See Van Skiver*, 952 F.2d at 1243 (stating that motion to reconsider filed

after ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be

construed as a Rule 60(b) motion).  Relief under Rule 60(b) is appropriate only in

extraordinary circumstances.  *See Massengale v. Oklahoma Bd. of Examiners in

Optometry*, 30 F.3d 1325, 1330 (10th Cir. 1994).

Mr. Valdez initiated this action by filing a Motion for Leave to File Extended

Complaint (ECF No. 1).  On June 19, 2014, Magistrate Judge Boyd N. Boland entered

an order directing Mr. Valdez to cure certain deficiencies within thirty days if he wished

to pursue any claims.  Specifically, Magistrate Judge Boland directed Mr. Valdez to file

on the court-approved form a Prisoner Complaint and either to pay filing and

administrative fees totaling $400.00 or to file on the court-approved form a Prisoner's

Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 along with a

certified copy of his inmate trust fund account statement and an authorization to

calculate and disburse filing fee payments.  On July 17, 2014, Mr. Valdez filed a

Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a

Prisoner's Complaint 42 U.S.C. § 1983 (ECF No. 4) along with a certified copy of his

inmate trust fund account statement.  However, he failed within the time allowed to file a

Prisoner Complaint or to submit an authorization to calculate and disburse filing fee

payments.  Therefore, on July 29, 2014, the Court dismissed the action without

prejudice for failure to cure all of the deficiencies as directed.

Mr. Valdez contends in the motion to reconsider that he is legally blind; his legal

and personal property, including his reading glasses, were taken from him on July 8, 2014; his reading glasses still have not been returned to him; he has been denied a "page magnifier" as an alternative to reading glasses; prison officials refused to assist him in curing the deficiencies; the lack of reading glasses and assistance resulted in his filing a motion seeking leave to proceed *in forma pauperis* on the wrong form; prison officials have refused to print his complaint without a court order, apparently because it is too long; and he had only limited access to the prison law library for the thirty day period ending July 24, 2014.

Upon consideration of the motion to reconsider and the entire file, the Court finds that Mr. Valdez fails to demonstrate any extraordinary reason why the Court should reconsider and vacate the order to dismiss this action.  Even assuming Mr. Valdez was unable to cure all of the deficiencies within the time allowed for the reasons he asserts in the motion to reconsider, he fails to explain why he did not inform the Court in a timely manner of the circumstances that prevented him from curing all of the deficiencies.  Mr. Valdez does not allege that he was prevented from communicating with the Court to seek assistance or that he was unable to request an extension of time to cure the deficiencies in a timely manner.  Therefore, the motion to reconsider will be denied.  Mr. Valdez is reminded, however, that the action was dismissed without prejudice.  Therefore, if he wishes to pursue his claims, he may do so by filing a new action.  Accordingly, it is

ORDERED that the "Declaration to the Court and Motion for Relief From a

Judgment or Order Pursuant to F.R.Civ.P. Rule 60" (ECF No. 7) is DENIED.

DATED at Denver, Colorado, this __2nd__ day of ___October_____, 2014.

BY THE COURT:


  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court